**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| Lora Conley,[1] *as administrator of the Estate on behalf of*, James Fitzgerald, *on behalf of*, The Estate of James Fitzgerald and the Wrongful Death Beneficiaries, | Case No. 1:22-cv-00022 Judge Michael R. Barrett |
| Plaintiff, | |
| vs. | |
| The Adamo Group, Inc., et al., | |
| Defendants. | |

**OPINION & ORDER**

This matter is before the Court on the Motion to Remand (Doc. 7)[2] filed by Plaintiff, the administrator of the Estate of James Fitzgerald. Defendants The Adamo Group, Inc. and Adamo Demolition Company (for purposes of this Order, "Defendants") filed a Response in Opposition (Doc. 9),[3] and Plaintiff filed a Reply (Doc. 12).

---

[1] Lora Conley filed a Motion to Substitute Party "to substitute [her] for Phoebe Adkins as Administrator of the Estate of James Fitzgerald." (Docs. 16, 18) (citing FED. R. CIV. P. 25(c)). Ms. Conley did not indicate whether she consulted with any party to solicit consent to her requested substitution. *But see* S.D. Ohio Civ. R. 7.3. However, the period of time for other parties to file responses in opposition to Ms. Conley's Motion to Substitute has now passed, *see id.* 7.2(a)(2), and no party filed an objection. The Court will thus grant Ms. Conley's Motion to Substitute.

[2] Plaintiff includes her citations in footnotes. *But see* Standing Order on Civil Procedures, Michael R. Barrett, I.G.

[3] The Response exceeds the permissible page length set forth in the undersigned's Standing Orders, and Defendants neither requested nor received leave to file a response in excess of twenty pages. *See* Standing Order on Civil Procedures, Michael R. Barrett, I.G and I.F; *see also* S.D. Ohio Civ. R. 7.2(a)(3). Nevertheless, the Court will accept the Response for filing.

1

**I.     BACKGROUND**

As an initial matter, a colleague issued an Order granting the plaintiff's motion to remand in a separate case involving a different plaintiff, the same 22 defendants, and the same central event as Plaintiff's case. *Miller v. Adamo Grp.*, No. 1:22-CV-14, 2022 WL 1013090 (S.D. Ohio Apr. 5, 2022) (Black, J.). After a comprehensive review of the filings[4] in the case previously before my colleague and the case currently before the Court, the Court finds the factual background and relevant legal issues relating to the respective motions to remand to be incredibly similar. The Court will rely heavily on my colleague's well-reasoned opinion in an effort to conserve judicial resources and move this matter forward. *Cf. United States ex rel. Morgan v. Champion Fitness, Inc.*, 368 F. Supp. 3d 1198, 1207 (C.D. Ill. 2019) ("There is no need to reinvent the wheel—indeed, our legal system is premised on doing precisely the opposite. So, when a judge finds all that need be said has already been said eloquently by another court, it is both natural and an efficient use of judicial resources to quote and paraphrase the other court, with gratitude.").

The December 9, 2020, collapse of the fourteen story boiler house at the Killen Generating Station in in Adams County, Ohio is the central event giving rise to the Complaint. (Doc. 4). Prior to the structure's collapse, and sometime in 2018, the Killen Generating Station's owner shut down the power plant and subsequently sold the structure to a different company for demolition and remediation. (*Id.* ¶¶ 29-30). James Fitzgerald was working as a welder/burner on the demolition project at the time of the collapse. (*Id.* at ¶ 16). In particular, on December 9, 2020, while Mr. Fitzgerald was inside

---

[4] Namely, the notices of removal, complaints, motions to remand and respective responsive briefing, and motions to dismiss filed by, inter alia, Defendant Michael Brehse.

2

the boiler house working to prepare for the structure's planned implosion, the boiler house collapsed prematurely. (*Id.* at ¶¶ 1-7, 80-81). Mr. Fitzgerald lost his life as a result of the collapse. (*Id.* ¶ 4). His remains were discovered thirty days later. (*Id.* ¶ 3).

On December 9, 2021, Plaintiff, the administrator of the Estate of Mr. Fitzgerald, initiated this matter in the Court of Common Pleas in Adams County, Ohio. (Doc. 4). In short, the Complaint alleges that all of the Defendants in this matter are liable, under various causes of action, for causing the boiler house to collapse while Mr. Fitzgerald was inside, for sending Mr. Fitzgerald to work inside the boiler house when they knew it would collapse, and for spoliating the video footage of the collapse. (*Id.*)

Plaintiff is a Kentucky resident. (*Id.* ¶ 16). Plaintiff names 22 Defendants, including 15 Defendants—including Defendants The Adamo Group, Inc. and Adamo Demolition Company—related to the Adamo Group generally, and are the 15 companies that served collectively as the general contractor for the demolition of the Killen Generating Station (collectively, "Defendant Adamo"). (*Id.* ¶¶ 18-25, 41). Plaintiff also names five individual employees of Defendant Adamo, including Michael Brehse. (*Id.* ¶ 20). Defendant Brehse worked for Defendant Adamo as a safety engineer and project manager on the demolition project. (*Id.*) Defendant Brehse had supervisory capacity over Mr. Fitzgerald. (*Id.* ¶ 103). Defendant Brehse is a citizen of Ohio. *Compare* (Doc. 4 ¶ 19), *with* (Doc. 1 PageID 2).

Plaintiff alleges that Defendant Brehse, and the other four individual Defendants, took steps to deliberately destabilize the boiler house. (*Id.* ¶¶ 54-57). Plaintiff states that the five individual Defendants, including Defendant Brehse, removed steel beams and columns from the upper levels of the boiler room and left the very heavy boiler on top of the roof. (*Id.*) Plaintiff alleges that the five individual Defendants sent Mr. Fitzgerald to

work in the building without the benefit of a structural engineer's assessment. (*Id.* ¶ 68). Plaintiff alleges that Defendant Adamo and the five individual Defendants did all this as a short-cut, as Defendant Adamo had fallen behind on its plans to effectuate the demolition by implosion and could save costs by facilitating a collapse through other measures— namely, by removing structural supports. (*Id.* ¶¶ 72-73).

On December 16, 2021, Plaintiff Adkins served Defendants. (Doc. 1 PageID 1). Defendants filed a timely Notice of Removal on January 12, 2022. (Doc. 1). In the Notice of Removal, Defendants assert that removal is on the basis of diversity jurisdiction, and "[t]here is complete diversity of citizenship between the parties." (*Id.* at PageID 2). With respect to Defendant Brehse, the Notice of Removal states that "Defendant, Michael F. Brehse, is an Ohio resident. Mr. Brehse is not properly joined nor is he a proper party. To the extent he is a proper party, he is a nominal party." (*Id.*) (internal citations omitted).

Plaintiff filed a Motion to Remand in which Plaintiff argues that Defendant Brehse is a forum defendant who destroys diversity and thus removal was improper. (Doc. 7) (citing 28 U.S.C. § 1441(b)(2)). Plaintiff requests an award of costs and fees related to the Motion to Remand. (Doc. 7). In response, Defendants do not dispute that Defendant Brehse is an Ohio citizen; rather, Defendants argue that Plaintiff fraudulently joined Defendant Brehse or, alternatively, that he is a nominal party. (Doc. 9).

Additionally, the five individual Defendants, including Defendant Brehse, filed a Motion to Dismiss. (Doc. 3). The Court stayed briefing on the Motion to Dismiss pending the outcome of the Motion to Remand. (Jan. 19, 2022 Notation Order).

II.    **ANALYSIS**

A defendant may generally remove an action from a state court to a federal district court if the district court to which the action is removed would otherwise have had original jurisdiction. 28 U.S.C. § 1441(a). Pertinent here, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." *Id.* § 1332(a). Removal on the basis of diversity jurisdiction is limited, however, by what is known as the forum defendant rule. That is, "[a] civil action otherwise removable solely on the basis of the jurisdiction under [28 U.S.C. §] 1332(a) [ ] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

"The existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal." *Harper v. AutoAlliance Int'l., Inc.*, 392 F.3d 195, 210 (6th Cir. 2004). "The party seeking removal bears the burden of demonstrating that the district court has original jurisdiction." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006). "Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand." *Id.* at 549-50 (cleaned up).

    a.  **Waiver**

A party waives its fraudulent joinder argument if the party fails to raise the issue in the notice of removal or within thirty days of service of process. *Miller*, 2022 WL 1013090, at *3; *Snell v. State Auto Prop. & Cas. Ins. Co.*, No. 6:21-CV-22-REW, 2021 WL 1292509,

at *1 (E.D. Ky. Apr. 7, 2021); *accord Warner v. Midnight Recovery, Inc.*, No. 3:19-CV-00453-RGJ, 2020 WL 1105111, at *4 (W.D. Ky. Mar. 6, 2020) ("If a defendant fails to raise a substantive ground for removal in its notice of removal or does not file an amendment raising that issue within thirty days, that basis for removal is waived."); *cf. Hahn v. Rauch*, 602 F. Supp. 2d 895, 909 n.6 (N.D. Ohio 2008) ("The notice of removal may be amended freely before the initial 30–day removal period expires, but after the period ends, the notice may be amended only to set out more specifically the grounds for removal that already have been stated in the original notice."). "Fraudulent joinder is a substantive basis for removal," and must be stated on the notice of removal. *Warner*, 2020 WL 1105111, at *4.

Defendants did not argue fraudulent joinder in the Notice of Removal, did not amend the Notice of Removal within 30 days of service of process, and have not moved to request leave to amend the Notice of Removal. Instead, Defendants first raise their fraudulent joinder argument in their Response to Plaintiff's Motion to Remand. *Compare* (Doc. 1), *with* (Doc. 9). The operative, and only, Notice of Removal states that Defendant Brehse is an Ohio citizen, states that "[t]here is complete diversity of citizenship between the parties," and does not reference fraudulent joinder. (Doc. 1). Defendants have waived their right to argue fraudulent joinder. *See Miller*, 2022 WL 1013090, at *3. However, as the Court will discuss below, even if the Court considers Defendants' fraudulent joinder argument, the argument fails. *See id.*

b. Fraudulent Joinder

Plaintiff's Complaint brings four claims against Defendant Brehse, each under Ohio law: co-employee intentional tort; intentional infliction of emotional distress; spoliation of

6

evidence; and wrongful death. (Doc. 4). The relevant question in determining whether Defendant Brehse was fraudulently joined is whether Plaintiff has at least a colorable cause of action against Defendant Brehse under Ohio law. *See Miller*, 2022 WL 1013090, at *4; *see also Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012). This analysis is similar to, but more lenient than, the analysis applicable to a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Casias*, 695 F.3d at 433.

Defendants concede that "Ohio law is unsettled as to whether a plaintiff-employee can pursue general workplace intentional tort claims against a co-employee;" the Supreme Court of Ohio has not recognized the co-employee intentional tort, but it also has not rejected it; and "Ohio's appellate courts have . . . permitted such claims to be brought." (Doc. 9 PageID 172, 173-74. 175). As the Supreme Court of Ohio has not rejected the theory, and some Ohio appeals courts recognize Plaintiff's theory, these facts would seem to establish "colorable" on their own. *Miller*, 2022 WL 1013090, at *4.

Moreover, Defendants state that, "[t]o the extent the Court is uncertain as to whether there is a valid cause of action for co-employee intentional tort, Defendants respectfully request that the Court consider certifying this question to the Ohio Supreme Court." (Doc. 9 PageID 179). Accordingly, "[t]o find for Defendants here, this Court would have to settle a highly debated matter of Ohio law simply to substantiate its own jurisdiction to hear Ohio-based claims." *Miller*, 2022 WL 1013090, at *4 (internal quotation marks omitted). "This notion of jurisdiction—conditional on resolving disputed matters of state law—is simply at odds with the principle of strictly construing the removal statute." *Id.* "As another court has put it, '[i]t is not sufficient that federal jurisdiction may potentially exist; the party invoking federal jurisdiction must affirmatively establish it.'" *Id.* (quoting

*Keller v. Honeywell Protective Servs.*, 742 F. Supp. 425, 426 (N.D. Ohio 1990)). Here, Defendants have failed to affirmatively establish a basis for jurisdiction. *See id.*

The Court finds no need to engage at greater length on the substantive questions of whether Ohio law provides immunity to a co-employer's intentional tort; whether an Ohio code provision superseded the Ohio common-law tort regime; and related questions regarding the Ohio development of intentional workplace torts against co-employee raised by Defendants. *See id.* Plaintiff's co-employee intentional tort claim against Defendant Brehse, if properly pleaded, is colorable, making it unnecessary and unwise to wade deeper into debated state-law matters. *See id.*

### c. Alleged Pleading Deficiencies

Defendants next argue that Plaintiff has not pleaded sufficient factual material to state claims against Defendant Brehse. Defendants start with Plaintiff's co-employee intentional tort claim and argue that, to the extent that such claims exist in Ohio, they are governed by Ohio Revised Code § 2745.01. *Miller*, 2022 WL 1013090, at *4. That code provision reads:

> (A) In an action brought against an employer by an employee, or by the dependent survivors of a deceased employee, for damages resulting from an intentional tort committed by the employer during the course of employment, the employer shall not be liable unless the plaintiff proves that the employer committed the tortious act with the intent to injure another or with the belief that the injury was substantially certain to occur.
>
> (B) As used in this section, "substantially certain" means that an employer acts with deliberate intent to cause an employee to suffer an injury, a disease, a condition, or death.
>
> (C) Deliberate removal by an employer of an equipment safety guard or deliberate misrepresentation of a toxic or hazardous substance creates a rebuttable presumption that the removal or misrepresentation was

8

> committed with intent to injure another if an injury or an occupational disease or condition occurs as a direct result.

*Id.* at *4-5 (quoting Ohio Rev. Code § 2745.01).

Here, although it is far from established as a matter of the proofs, Plaintiff's well-pleaded facts make it at least plausible that Defendant Brehse committed a tortious act with the intent to injure Plaintiff. See *id.* at *5. It is, after all, Plaintiff's argument that the spontaneous-seeming collapse of the building was, in a manner of speaking, planned. *Id.* And Defendant Brehse, per the relevant allegations, was a project manager, safety engineer, and had the power to direct Plaintiff. *Id.* For these reasons, the Court finds that Plaintiff has pleaded sufficient factual material to state a colorable claim against Defendant Brehse for an intentional workplace tort under Ohio law. *See id.*

Defendants also assert that Plaintiff improperly pleads allegations against a group of Adamo employees that merely includes Defendant Brehse. Defendants contend that Plaintiff must particularize facts to Defendant Brehse rather than to allege them against the group. "The Court discerns no basis for the implied proposition that a plaintiff cannot plead a tort with particularity if he attributes specific conduct (*i.e.*, removing structural supports) to a group of people." *Id.* "Ohio expressly recognizes the idea of joint and several liability for joint, intentional tortfeasors." *Id.* (first citing Ohio Rev. Code § 2307.22(A)(3); and then citing *Gurry v. C.P.*, 2012-Ohio-2640, ¶ 9, 972 N.E.2d 154, 156). "Ohio also remains a notice-pleading state." *Id.* (citing *Harper v. Weltman, Weinberg & Reis Co., L.P.A.*, 2019-Ohio-3093, ¶ 29). "Given these truths, the Court will not implicitly adopt a rule stating that a 'particularity' requirement bars a plaintiff from pleading allegations against a small group—especially where the Plaintiff, as here, has identified everyone within that group by name." *Id.* Having found that Plaintiff has sufficiently plead

a colorable claim against Defendant Brehse sounding in intentional tort, the Court sees no reason to analyze the merits of Plaintiff's claims for intentional infliction of emotional distress, spoliation of evidence, and/or wrongful death. *See id.* at *6.

### d. Nominal Party

Defendants alternatively argue that remand is inappropriate because Defendant Brehse is a nominal party to the suit, as Brehse is "a mere co-employee of [Mr.] Fitzgerald." (Doc. 9 PageID 186). "When determining whether diversity jurisdiction exists, a federal court must disregard nominal parties and decide jurisdiction only on the citizenship of the real parties in interest." *Mortenson Fam. Dental Ctr., Inc. v. Heartland Dental Care, Inc.*, 526 F. App'x 506, 508 (6th Cir. 2013) (citing *Certain Interested Underwriters at Lloyd's v. Layne*, 26 F.3d 39, 42 (6th Cir.1994)). "A real party in interest is one who is entitled to enforce the right asserted in the suit, that in turn depends on whether the party could actually obtain substantive relief." *Id.* (citing *Certain Interested Underwriters at Lloyd's*, 26 F.3d 42-43). "In contrast, a nominal party has no interest in the result of the suit and need not be made a party." *Id.* (citing *Maiden v. N. Am. Stainless, L.P.*, 125 F. App'x. 1, 3 (6th Cir. 2004)).

Plaintiff's Complaint alleges that Defendant Brehse actively participated in every aspect of the demolition of the boiler house, including taking steps to deliberately destabilize the boiler house before the scheduled demolition, and had knowledge, within just weeks before December 9, 2020, that the alleged plan to create the dangerous instability worked. (Doc. 4). Plaintiff's Complaint alleges that Defendant Brehse was the safety engineer and project manager for the demolition project and supervised, via the power to control and direct, Mr. Fitzgerald throughout Mr. Fitzgerald's work on the

demolition project. (*Id.*) In light of these allegations against Defendant Brehse, and the Court's finding that Plaintiff has a well-pleaded colorable claim against Brehse for co-employee intentional tort, Defendant Brehse has an interest in the result of this lawsuit and is a real party. *See Mortenson Fam. Dental Ctr., Inc.*, 526 F. App'x at 508.

In sum, this matter belongs in state court as Plaintiff has a colorable claim against the forum Defendant Brehse and Brehse is not a nominal party. *See Miller*, 2022 WL 1013090, at *6*. It is for the state court, in turn, to analyze the full merits of Plaintiff's claims. *See id.* The Court will grant Plaintiff's Motion to Remand. *See id.* As a final matter, for the same reasons stated by my colleague in *Miller v. Adamo Grp.*, and using the Court's discretion, the Court will not award attorney's fees and costs in this matter. 2022 WL 1013090, at *6; *see* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.").

## III.    CONCLUSION

For the foregoing reasons, Lora Conley's Motion to Substitute Party (Docs. 16, 18) is **GRANTED**, and Plaintiff's Motion to Remand (Doc. 7) is **GRANTED in part**, and this matter is **REMANDED** to the Adams County, Ohio Court of Common Pleas, and **DENIED in part**, to the extent it requests an award of attorney's fees and costs. It is further **ORDERED** that the Clerk shall enter Judgment and subsequently terminate this matter from the Court's active docket.

IT IS SO ORDERED.

    /s Michael R. Barrett  
Michael R. Barrett, Judge  
United States District Court

11